THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JULIUS GOLDMAN, Appellant.

First Department, November 21, 1930.

*Milton M. Gettinger* of counsel [*Gettinger & Gettinger,* attorneys], for the appellant.

*John C. McDermott, Deputy Assistant District Attorney,* of counsel [*George E. Hall, Deputy Assistant District Attorney,* with him on the brief; *Thomas C. T. Crain, District Attorney*], for the respondent.

MARTIN, J. The defendant, on April 11, 1930, owned a candy store at No. 324 West Fourth street, borough of Manhattan. A police officer entered the store on that day and found therein a penny target machine. After operating the machine and trying to hit the bull's eye, he confiscated it and arrested the defendant for an alleged violation of section 982█ of the Penal Law. This section reads as follows:

" Keeping slot machines. Any person who has in his possession, or under his control, or who permits to be placed, maintained or kept in any room, space, inclosure or building, owned, leased or occupied by him, or under his management or control, any machine, apparatus or device, into which may be, or might have been, inserted any piece of money or other object, and from which, as a result of such insertion, or as a result of such insertion and the application of physical or mechanical force, *may issue, or might have issued, any piece or pieces of money, or any check or memoranda calling for any money,* and which machine, apparatus or device is commonly known as a slot machine, is guilty of a misdemeanor punishable by a fine of not to exceed fifty dollars or by imprisonment for not to exceed six months, or both." (Italics ours.)

An inspection of the machine which is called " Big Game Hunter " and which is an exhibit on this appeal, convinces us that it is not a gambling device within the meaning of the above section. It is a simple device, used to test the " target skill " of the one trying to hit the bull's eye. There is nothing connected with the machine or its operation which would bring it within the provisions of section 982 of the Penal Law. That section very distinctly says that the machine must issue a piece or pieces of money or a check or memoranda calling for money. This machine does not so operate. The police officer, who was the only witness for the People, testified that he inserted eighteen pennies into the machine, that he tried his skill, and that he received nothing in return. The officer says

that the defendant stated that he could win up to ten cents on the machine, but in reply to a question, " Q. Go ahead. What happened? " he answered, "A. That is all."

If the defendant was maintaining a room in which gambling was being conducted he should have been prosecuted under another section of the Penal Law. He is not guilty of a violation of the statute under which he is here being prosecuted.

The judgment of conviction should be reversed, the fine remitted and the defendant discharged.

Dowling, P. J., Finch, McAvoy and O'Malley, JJ., concur.

Judgment reversed, information dismissed, the fine remitted and the defendant discharged.